# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# DOCKET NO. 2:14-cv-00050-FDW

| | |
|---|---|
| JOHN L. FAY, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the parties' motions for summary judgment.

Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 13) are DENIED WITHOUT PREJUDICE for the following reasons.

In the interest of completeness, the Court, *sua sponte*, directed the parties to discuss the implications of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015),[1] and to file a status report and supplemental briefing if the parties disagreed:

> **THIS MATTER** is before the Court *sua sponte* in light of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the parties are directed to discuss, in good faith, whether the ruling in Mascio requires sentence four remand pursuant to 42 U.S.C. § 405(g) for rehearing or other administrative proceedings. The parties shall advise the Court via Status Report to be filed **on or before October 9, 2015** whether remand to the Commissioner of Social Security is appropriate and certify that they have discussed Mascio and its implications, if any, in this case. If the parties disagree as to whether Mascio requires remand, the parties may file a supplement to their summary judgment briefs, limited to 1,500 words, **on or before October 23, 2015.**

(Doc. No. 16) (emphasis in original).

---

[1] The mandate in Mascio issued on May 11, 2015, after the Administrative Record in this case was filed.

1

In response, the parties filed a Joint Status Report (Doc. No. 17):

> [T]his Court directed the parties in this matter to consult and discuss the implications of the Fourth Circuit's ruling in *Mascio…*, on this case. The parties were directed to advise the Court, via Status Report filed on or before October 9, 2015, as to whether the ruling required remand under sentence four of 42 U.S.C. § 405(g) and, if not, **whether either party requested supplemental briefing on the issue**.
> The parties inform the Court:
> 1. The parties have conferred and discussed, in good faith, the implications of the ruling in *Mascio*.
> 2. The parties disagree as to whether the ruling in *Mascio* is implicated in this case. **The parties will address this matter in supplemental briefing as ordered by the Court**.

(Doc. No. 17) (emphasis added). The status report clearly conveys the parties disagreed and that the "parties will address this matter in supplemental briefings…." However, no additional briefings were submitted to address their disagreement on the application or implications of Mascio. The parties misconstrued the Court's order and expected the Court to request supplemental briefings again instead of simply availing themselves of the existing opportunity.

Unfortunately, the Court cannot read the parties' minds regarding the implications of Mascio when deciding the pending motions for summary judgment.

Consequently, the Court denies the motions for summary judgment WITHOUT PREJUDICE. The parties **shall** refile their motions thoroughly addressing their respective positions as to Mascio. Subsequent motions will comply with the local rules and Social Security Briefing Order. Plaintiff shall file **on or before April 1, 2016**. Defendant shall file **on or before April 15, 2016**. Plaintiff shall file one Response/Reply **on or before April 29, 2016**.

**IT IS SO ORDERED.**

Signed: March 18, 2016

Frank D. Whitney
Chief United States District Judge